In the Matter of CLIFFORD W. McCORMICK et al., Appellants, v RICHARD W. LAWRENCE, JR., et al., Constituting the Adirondack Park Agency, Respondents.

Third Department, October 28, 1976

*McCormick, La Pan, Urfirer & Brooks, P.C. (John T. De Graff* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Olin Harper Le Compte, Ruth Kessler Toch* and *Stanley Fishman* of counsel), for respondents.

SWEENEY, J. Petitioners are the owners of a 39.15-acre parcel of property situated on the easterly side of Oseetah Lake within the boundaries of the Adirondack Park. In order to develop this tract of land, located in what is classified as a moderate intensity use area, into a 32-lot subdivision with 17 lots fronting on the shores of the lake, petitioners were required by section 809 of the Executive Law to apply for an Adirondack Park Agency permit. The project site is a peninsula extending into Oseetah Lake and is visible from a scenic and much used pleasure boat waterway. The agency approved the project with certain conditions, the critical one being that no boathouses be constructed on the shores of the lake. Petitioners commenced this article 78 proceeding to have respondents' determination amended to permit the erection of boathouses on the subject parcel. The court granted respondents' motion to dismiss the petition and for summary judgment and this appeal ensued.

Initially we conclude that no triable issue of fact necessitating a trial was presented (CPLR 7804, subd [h]). A careful examination of all the exhibits, including the photographs submitted by both parties, sufficiently illustrate the general lack of development and the pristine nature of the area surrounding the parcel in question. Petitioners contend, however, that respondents failed to take into account several boathouses in the area. Respondents note that almost all of these boathouses are located within the limits of the highly developed Village of Saranac Lake and thus their existence does not affect the undeveloped state of the area in question. Petitioners also contend that respondents' photographic exhibits depict the shoreline from such a distance that the existence of any improvements on the shoreline are unidentifiable. From our examination of these photographs we are of the view that they sufficiently demonstrate the character of the area in question and, therefore, no factual issue is presented. Since we conclude that Special Term was correct in deciding the merits of the petition without a trial, we now reach the substantive issues raised by petitioners.

Petitioners' contention that respondents lack authority to ban boathouses on agency administered private property is without merit. The Legislature granted the agency the author-

ity to impose such conditions in granting a permit as are allowable within the proper exercise of the police power (Executive Law, § 809, subd 13). It is now well-established New York law that aesthetics is a valid subject of legislative concern and that legislation aimed at promoting the governmental interest in preserving the appearance of an area is a permissible exercise of the police power *(People v Goodman,* 31 NY2d 262, 265). Petitioners, however, challenge this part of the statute as an overbroad delegation of power without any objective standards. Before the agency approves a project or grants a permit therefor, it is required to find that the project would not have an adverse impact upon the natural, scenic or aesthetic resources of the park (Executive Law, § 809, subd 10, par e). In making these determinations the agency is required to consider the aesthetics of scenic vistas and natural and man-made travel corridors (Executive Law, § 809, subd 10, par e; § 805, subd 4, par a, subpar [7], cls [a] and [b]). In our opinion, the Legislature has provided sufficient standards to guide the agency in its review of projects and thus we find no unconstitutional delegation of power to the agency *(Matter of Levine v Whalen,* 39 NY2d 510).

Petitioners also argue that the agency's determination was arbitrary and capricious and an abuse of discretion. The test to be applied is one of rationality *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222). We conclude that the agency's restriction forbidding boathouses was rational. The area surrounding petitioners' property is in a relatively pristine state and the agency could reasonably find that the addition of several boathouses on petitioners' property would adversely affect the aesthetic quality of the area. The adverse effect is more apparent considering that the subject property fronts on a much traveled pleasure boat route. Thus, the agency's determination was not arbitrary or capricious nor an abuse of discretion.

We have considered the other arguments advanced by petitioners on this appeal and find them to be unpersuasive.

The order and judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, MAHONEY and REYNOLDS, JJ., concur.

Order and judgment affirmed, without costs.