ADIRONDACK PARK AGENCY, Appellant, et al., Intervenors-Plaintiffs, v TON-DA-LAY ASSOCIATES et al., Respondents.

Third Department, February 9, 1978

108

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Murray Susswein, Stanley Fishman* and *Ruth Kessler Toch* of counsel), for appellant.

*Palmer & Hayes (Jeremiah M. Hayes* of counsel), for respondents.

## OPINION OF THE COURT

LARKIN, J.

The defendants are the owners of approximately 18,400 acres of land in the Town of Altamont, Franklin County. This property is located entirely within the Adirondack Park (Environmental Conservation Law, § 9-0101, subd 1; Executive Law, § 802, subd 1). They have made initial preparations for subdividing and selling portions of the property. Plaintiffs, contending that these preparations are in violation of law, instituted this action to compel compliance with article 27 of the Executive Law. The essential language of the three counterclaims which are the subject of this appeal is as follows: Second counterclaim: "That Article 27 of the *Executive Law* imposes a total freeze on all private development within the Adirondack Park. That it serves no useful purpose, and is, constitutionally beyond the powers of the Legislature"; Third counterclaim: "That the standards in said Article 27 of the *Executive Law* are so vague and indefinite as to constitute an unconstitutional delegation of powers by the Legislature to the plaintiff"; Fifth counterclaim: "That such restrictions on land usage is *[sic]* not in accordance with any comprehensive plan, as required by law, but is in essence 'spot' zoning. That such 'spot' zoning is unconstitutional."

Special Term, among other determinations, denied plaintiffs' application for summary judgment dismissing the said three counterclaims. Special Term concluded that all but one of the defendants' counterclaims, including the three which are the subject of plaintiffs' present appeal, presented mixed issues of law and fact so as to make a decision by summary judgment inappropriate. The basic reasoning of Special Term may be ascertained from the following language: "The defendants'

counterclaims relate substantially to one central question, that is, the reasonability of the land use regulations as they apply to the defendants' property. The present record before the Court does not provide a factual basis upon which such a determination can be made". The court, in examining the three counterclaims, considered information and arguments either directly or implicitly related to the question of whether the regulations were constitutional as applied to the said lands of the defendants.

■ In our view Special Term erred in interpreting the second, third and fifth counterclaims of the defendants as presenting questions of whether the regulations were constitutional as applied—as opposed to whether they were constitutional on their face. An examination of the language of these counterclaims reveals three separate attacks upon the constitutionality of article 27 of the Executive Law (Adirondack Park Agency Act [act]). In contrast to the fourth and sixth counterclaims of the defendants, for example, no attempt is made to link the constitutional infirmities alleged in the subject counterclaims to the defendants' particular circumstances. As a general rule, pleadings are to be liberally construed (CPLR 3026) and, in the case of examining pleadings upon a motion for summary judgment, a court may take into account an unpleaded defense *(Rizzi v Sussman,* 9 AD2d 961). In the instant case, however, we find no language warranting a consideration of the three counterclaims in question other than as facial constitutional attacks upon article 27 of the Executive Law. We are not confronted with the question of whether to consider unpleaded defenses, but are rather examining pleaded claims which set forth direct challenges to the constitutionality of article 27 of the Executive Law in readily comprehensible terms. Plaintiffs oppose these challenges and, as no facutal issues are presented, the issues may be decided on this appeal *(Matter of McCormick v Lawrence,* 54 AD2d 123).

■■ The assertion in the second counterclaim that the act imposes a "total freeze" on private development is belied by the fact that there are a great number of permissible uses for each land classification within the Adirondack Park (Executive Law, § 805). As to the assertion that the act is "constitutionally beyond the powers of the Legislature", we note the following statement by the Court of Appeals in a case which, although arising from a constitutional challenge to the act on

grounds distinct from those in issue herein, is nevertheless relevant to the question of its over-all constitutionality.

"In the face of increasing threats to and concern with the environment, it is no longer, if it ever was, true that the preservation and development of the vast Adirondack spaces, with their unique abundance of natural resources—land, timber, wildlife, and water—should not be of the greatest moment to all the people of the State" *(Wambat Realty Corp. v State of New York,* 41 NY2d 490, 495). We find the arguments which are the basis of the second counterclaim to be without merit.

The assertions which are contained in the third and fifth counterclaims are similarly unpersuasive. The claim that the standards in the act are so vague and indefinite as to constitute an unconstitutional delegation of powers to plaintiff is belied by the broad statement of legislative findings and purposes in the act (Executive Law, § 801) and the detailed guidelines established for administration and enforcement by the plaintiff (Executive Law, § 809). Because of the need for great administrative flexibility in the vast and complex endeavor undertaken by the act, we find no unconstitutional delegation of power to the agency *(Matter of Levine v Whalen,* 39 NY2d 510; *Matter of McCormick v Lawrence, supra).* The Court of Appeals has defined "spot zoning" as "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners" *(Rodgers v Tarrytown,* 302 NY 115, 123). The relevant inquiry is "whether the zoning was accomplished for the benefit of the individual owner, rather than pursuant to a comprehensive plan for the general welfare of the community" *(Greenberg v City of New Rochelle,* 206 Misc 28, 33, affd 284 App Div 891). In no event can the comprehensive plan contained in article 27 of the Executive Law, enacted for the benefit of all of our citizens, be viewed as unconstitutional "spot zoning".

Because the counterclaims in question seek declaratory judgment (CPLR 3001), it is necessary for this court, in granting summary judgment to plaintiff, to declare its rights with respect to the issues raised therein *(Sweeney v Cannon,* 30 NY2d 633; *Town of Brookhaven v Parr Co. of Suffolk,* 47 AD2d 554).

The judgment should be modified, on the law, by striking

the final decretal paragraph and by adding the following paragraphs:

ORDERED, that plaintiffs' application for summary judgment in its favor on the issues raised in the "Second", "Third" and "Fifth" counterclaims set forth in defendants' answer to plaintiffs' complaint be, and the same hereby is, granted; and it is further

ADJUDGED, DECREED and DECLARED that article 27 of the Executive Law does not impose a total freeze on all development within the Adirondack Park, that it serves a useful purpose, that it is within the constitutional powers of the Legislature, that its standards are not so vague and indefinite as to constitute an unconstitutional delegation of powers by the Legislature to the plaintiffs and that it does not constitute unconstitutional spot zoning, and, as so modified, affirmed, without costs.

KANE, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgment modified, on the law, by striking the final decretal paragraph and by adding the following paragraphs:

ORDERED, that plaintiffs' application for summary judgment in its favor on the issues raised in the "Second", "Third" and "Fifth" counterclaims set forth in defendants' answer to plaintiffs' complaint be, and the same hereby is, granted; and it is further

ADJUDGED, DECREED and DECLARED that article 27 of the Executive Law does not impose a total freeze on all development within the Adirondack Park, that it serves a useful purpose, that it is within the constitutional powers of the Legislature, that its standards are not so vague and indefinite as to constitute an unconstitutional delegation of powers by the Legislature to the plaintiffs and that it does not constitute unconstitutional spot zoning, and, as so modified, affirmed, without costs.