OPINION OF THE COURT
Dominick J. Vise ardí, J.
Petitioner brought an article 78 proceeding to annul a determination of the Adirondack Park Agency (hereinafter referred to as Agency) which disapproved petitioner’s application for approval of a three-lot subdivision on the Hudson River and the granting of shoreline variance and directing the Adirondack Park Agency to approve the plan as submitted by petitioner and to grant the variance requested. In this motion brought pursuant to CPLR 3212 petitioner moves for an order striking out the Agency’s answer and directing summary judgment for petitioner on grounds that there is no defense to the cause of action and that the de *502 fense has no merit. Defendant cross-moves for summary-judgment.
Petitioner is the owner of the 6± acre lot in question contiguous to a 520± acre lot which he also owns. The 6± acre lot extends approximately 1,100 feet along the Hudson River and is 200 feet in depth. Petitioner’s property was zoned for “rural use” by the Agency which had promulgated rules and regulations including a setback for all principal' buildings in rural use areas of 150 feet from the mean high-water mark of the Hudson River. Petitioner sought the variance to build approximately 75 feet from the mean high-water mark and claims that prior to the promulgation of the more restrictive 150-foot setback rule the Agency had a setback rule of 75 feet. His claim, is not only that the market value of this property has been greatly depreciated but that the setback rules are unconstitutional as they were not promulgated for the purpose of health, safety and morals as required by statute; that the 150-foot setback violates-both Federal and State constitutional prohibitions against the deprivation of one’s property without due process. Furthermore, the complaint alleges that the delegation by the Legislature to an administrative agency of the authority to promulgate setback requirements is an unconstitutional delegation of the police power.
We find no support for the petitioner’s assertion that there was an unconstitutional delegation of the police power when the Legislature delegated to the Agency the authority to promulgate setback requirements. ECL 15-2709 (subd 1) specifically empowers the Agency to “make and enforce regulations necessary for the management, protection, and enhancement of and control of land use and development in the wild, scenic and recreational river areas.” The Agency acting pursuant to this legislative mandate included a structural setback restriction of 150 feet for all structures (with specific exemptions) located, as in the instant case, in a designated rural use, recreational river area. As noted in respondent’s excellent memorandum of law, there have been many court rulings upholding the constitutionality of delegation of rule-making authority provided that the statute contains proper guidelines and standards to govern the exercise of discretion. In Adirondack Park Agency v Ton *503 Da-Lay Assoc. (61 AD2d 107, 111), on this precise point the Third Department held that, “The claim that the standards in the act are so vague and indefinite as to constitute an unconstitutional delegation of powers to plaintiff is belied by the broad statement of legislative findings and purposes in the act (Executive Law, § 801) and the detailed guidelines established for [the] administration and enforcement by the plaintiff * * * Because of the need for great administrative flexibility in the vast and complex endeavor undertaken by the act, we find no unconstitutional delegation of power to the agency”. (See, also, Matter of Levine v Whalen, 39 NY2d 510; and also Matter of Nicholas v Kahn, 47 NY2d 24.) The court has studied the provisions of the Rivers System Act (ECL 15-2701 et seq.), noted the legislative policy of protection from improvident development and use inherent in its promulgation, and can conclude as have other courts that its provisions contain sufficiently clear standards and guidelines within which the Agency can properly exercise its discretion. (Matter of Levine v Whalen, supra; DurBar Realty Co. v City of Utica, 57 AD2d 51, affd 44 NY2d 1002.)
Similarly, we find no support for petitioner’s contention that the setback restrictions are unconstitutional, illegal and invalid in that they were not promulgated for the purposes of public health, safety and morals. It is now well settled that preservation of the aesthetic quality of a project site constitutes a valid exercise of the police power (Executive Law, § 805, subd 4, par a, cl [7]; Matter of McCormick v Lawrence, 83 Misc 2d 64, affd 54 AD2d 123 ;[1] see, also, Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d 483). Although section 806 of the Adirondack Park Agency Act (Executive Law, § 800 et seq.) already provided shoreline restrictions, with the passage of the Rivers System Act (ECL 15-2701 et seq.), the Agency, under the guidelines hereinabove discussed, implemented admittedly more stringent regulations which, inter alla, increased vegetation cutting restrictions, increased shoreline lot width and imposed greater structural setback restrictions from 75 feet to 150 feet. As one of the *504 purposes of the Rivers System Act was to ensure that the natural scenic and recreational qualities of the designated river “and their immediate environs be protected [from improvident development] for the benefit and enjoyment of present and future generations” (ECL 15-2701, subd 3), we are unwilling to hold that the Agency’s determination that the structural setback should be 150 feet in this particular area was arbitrary or capricious or that its determination was not in furtherance of a legitimate public purpose.[2] 3****We note that future development is by no means prohibited in recreational river areas. The act specifically authorizes “small communities as well as dispersed or cluster residential developments” (ECL 15-2709, subd 2, par c). Moreover, the 150-foot structural setback is entitled to a strong presumption of constitutionality (Dur-Bar Realty Co. v City of Utica, 57 AD2d 51, affd 44 NY2d 1002, supra) and petitioner clearly has the burden of establishing that the setback restriction is not rational and unconstitutional. (Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359; Dur-Bar Realty Co. v City of Utica, supra; Spears v Berle, 48 NY2d 254.) As onerous as the restriction on the use of his property must seem to petitioner personally we do not believe he has met that burden.[3]
Neither are we convinced that petitioner has been deprived of the use of his property. True, he cannot build in the exact manner and location he would have wished but testimony adduced at the hearing quite clearly establishes that petitioner can beyond question build one single-family dwelling which would comply with the Agency’s restrictions and the Town of Chester Zoning Ordinance and could, *505 if a variance were obtained from the latter, build two single-family dwellings and still be in conformity with the Agency’s 150-foot structural setback regulation. Assuming, arguendo, that the setback restriction will cause a diminution in market value of the 6± acre lot, it is well settled that such diminution does not in and of itself constitute an unlawful and unconstitutional taking of property without compensation. (Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359, supra; McGowan v Cohalan, 41 NY2d 434.) In Williams v Town of Oyster Bay (32 NY2d 78, 81-82) the Court of Appeals stated that “A zoning ordinance is confiscatory and unconstitutional only if it prevents a plaintiff from using his property for any purpose for which it is reasonably adapted * * * it is not enough for plaintiff to show that ‘he. would realize a greater return’ under a less restricted use * * * the ‘only pertinent inquiry is whether the present allowed use is yielding a reasonable return.’ ”
We do not find any facts herein that convince us that petitioner has been deprived either of the reasonable use or of a reasonable return on his property.[4] Moreover a reading of the entire record convinces us that there are no triable issues of fact.
Petitioner’s motion for summary judgment is denied.
Respondent’s cross motion for summary judgment is granted.
Respondent’s request to transfer the article 78 proceeding to the Appellate Division is denied.

. In McCormick (supra) a ruling that boathouses could be prohibited at a project site solely on aesthetic grounds was upheld by the Third Department in 1976.

. See County of Pine v State of Minnesota Dept. of Natural Resources (— Minn —, 280 NW2d 625) for a similar conclusion wherein a statute similar to our Rivers System Act contained setback restrictions which exceeded existing restrictions and which upheld the more stringent restrictions as a valid exercise of the police power.

. The court notes that the 150-foot structural setback restriction does not uniformly apply along the entire length of this particular recreational river. Rather it applies only in low intensity use, rural use and resource management areas. In our view, this is consistent with a rational and logical plan for the preservation of the river and its shoreline and does not justify judicial intervention. (See Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309.)

. We note in particular in reaching this conclusion the uncontroverted assertion by respondent that petitioner acquired the property in question after the effective date of the more stringent 150-foot structural setback and never did have the right to build under the less restrictive 75-foot setback.