■ In the Matter of THOMAS GRAY et al., Respondents, v EVERETT W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Appellants. — Appeal, by permission, from an order of the Supreme Court at Special Term (Graves, J.), entered December 10, 1980 in Washington County, which transferred a proceeding pursuant to CPLR article 78 to a Trial Term for resolution of issues of fact. Petitioners herein were confined in the special housing unit at Great Meadow Correctional Facility. Apparently dissatisfied with their conditions, petitioners joined in an organized refusal to accept food, throwing food and trays out of their cells. Charges were filed and, after a hearing, a restricted diet formulated by the prison physician was imposed on them as a disciplinary measure. The instant article 78 proceeding was thereafter commenced. Following submission of respondents' answer, Special Term concluded that whether

the diet was "wholesome and nutritious" (Correction Law, § 137, subd 6, par [a]; 7 NYCRR 301.4 [b] [3]) and whether the state of petitioners' health was adequately examined (7 NYCRR 301.4 [b] [4]) presented questions of fact and ordered a trial of those issues (CPLR 7804, subd [h]). We perceive no need for a trial. The record is more than sufficient to reach a determination on the merits (cf. *Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educational Servs.,* 80 AD2d 979; *Matter of McCormick v Lawrence,* 54 AD2d 123). While the diet could hardly be labeled attractive and a physician may not have personally examined each petitioner on a daily basis, respondents' answer contains ample documentary evidence refuting petitioners' allegations. Nor do we find any merit in the constitutional argument raised. Petitioners' difficulties, to a large degree, were self-induced and, in any event, have since been resolved. It is the responsibility of the courts to protect the constitutional rights of inmates in accordance with such process as may be their due, but it is the function of the Legislature and administrators to manage the internal affairs of correctional institutions (see *Rhodes v Chapman,* 452 US 337). Order reversed, on the law, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.