■ In the Matter of CRATER CLUB, INC., Respondent, v ADIRONDACK PARK AGENCY, Appellant, and Estate of ROSANN S. BERRY, Intervenor-Appellant. — Appeal from an order and judgment of the Supreme Court at Special Term (Quinn, J.), entered April 29, 1981 in Essex County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Adirondack Park Agency. Petitioner owns 80 acres with frontage on Lake Champlain in the Town of Essex, Essex County. This property was originally part of a 200-acre tract, 120 acres of which were sold in various sized lots by petitioner and its predecessors in title between 1900 and 1973. During these years, improvements were made on the property including roads, a water system, a clubhouse, a tennis court, a boathouse, and a cement dock. On September 14, 1979, petitioner applied to respondent for a determination that its property constituted a "preexisting subdivision" as that term is defined by the Adirondack Park Agency Act (Act) (Executive Law, § 802, subd 49). Under the Act, pre-existing subdivisions need not comply with the minimum lot size requirements imposed by the Act (Executive Law, § 811, subd 3). After review of various maps and explanatory letters submitted on petitioner's behalf, respondent determined that petitioner's property (excepting lots actually sold prior to Aug. 1, 1973) did not constitute a "preexisting subdivision". Petitioner thereupon commenced this article 78 proceeding charging that respondent's determination was arbitrary and capricious. Special Term agreed and, therefore, annulled respondent's determination and held that the entire 200-acre parcel, including the 80 acres presently owned by petitioner, constitutes a pre-existing subdivision. This appeal ensued. Respondent contends that its determination was reasonable and thus should not have been disturbed. We agree. In determining that petitioner's property was not a pre-existing subdivision as that term is defined by the Act, respondent first determined that in order for a particular parcel of property to achieve pre-existing subdivision status, there must have been some sort of "formalized" or "coherently articulated" plan of subdivision prior to the effective date of the Act. Under the Act, a pre-existing subdivision is land which was divided into two or more lots for the purpose of sale, lease, etc., prior to August 1, 1973, the effective date of the statute (Executive Law, § 802, subds 49, 63). Further, the subdivision must have been substantially commenced and substantive expenditures must have been made relative thereto prior to that date (Executive Law, § 802, subd 25). The subdivision may be evidenced by a map or other plan of the division (Executive Law, § 802, subd 63). Accordingly, respondent's determination that a pre-existing subdivision be evidenced by a "formalized" or "coherently articulated" plan of subdivision is reasonable. Respondent next determined that no such plan existed with respect to petitioner's property. The record contains no survey or other official map dividing petitioner's property into the lots now held by it for sale. Nor was there any evidence demonstrating an articulated plan of subdivision with respect to the subject property. Thus, while the record may well have supported a finding that petitioner had a general intention to

develop its property sometime in the future, it does not support a finding of actual subdivision prior to August 1, 1973. Accordingly, respondent's determination was well supported by the record and should have been confirmed. Petitioner argues that subdivision 3 of section 811 of the Act (Executive Law, § 811, subd 3) removes from respondent jurisdiction over pre-existing subdivisions and that Special Term was, therefore, required to make a *de novo* determination of whether petitioner's property was a pre-existing subdivision under the Act. Subdivision 3 provides, *inter alia,* that: "Any * * * pre-existing subdivision of land * * * shall not be subject to review by the agency". The title of section 811 is "Special provisions relating to agency project review jurisdiction and the shoreline restrictions". Agency project review refers to a detailed study performed by respondent prior to its issuing a permit for development in certain areas of the Adirondack Park Region. Subdivision 3 merely exempts pre-existing subdivisions from this project review. It does not, however, strip respondent of its jurisdiction to determine the applicability of the Act to a particular tract of land (see State Administrative Procedure Act, § 204). Therefore, respondent had jurisdiction here to determine whether petitioner's property was a pre-existing subdivision as that term is defined by the Act. And, such determination may only be disturbed if it is arbitrary, capricious or unreasonable (*Matter of New York Inst. of Technology v Le Boutillier,* 33 NY2d 125, 130). Finally, the intervenor's motion for permission to submit to this court a 1973 letter from petitioner to respondent should be denied. Contrary to the intervenor's argument, judicial notice is improper since the contents of the letter are neither of common knowledge or determinable "'by resort to * * * sources of indisputable accuracy'" (Richardson, Evidence [10th ed], § 9, p 6). Order and judgment reversed, on the law, determination confirmed, and petition dismissed, without costs; motion by intervenor denied, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.