■ In the Matter of JOHN S. CAMPION et al., Respondents, v NEW YORK STATE ADIRONDACK PARK AGENCY, Appellant.— Mercure, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered February 28, 1992 in Franklin County, which, upon reconsideration, granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination by respondent declaring that petitioners' property is located in the State wild, scenic and recreational river system.

Petitioners are owners of a parcel of land known as Wayotah Island, located within Oseetah Lake, Town of Harrietstown, Franklin County. In May 1990, petitioners sought a determination from respondent as to whether the subdivision of their island into two lots and the construction of a guest

cottage on one of the lots were subject to respondent's review jurisdiction. Respondent informed petitioners that because the island was located within 1/4 mile of the main branch of the Saranac River, a statutorily designated recreational river (see, ECL 15-2714 [3] [y]),* they would be required to obtain a permit for the subdivision and that any new structure must satisfy the 150-foot shoreline setback requirement of 9 NYCRR 577.6 (b) (3). In response to petitioners' request for clarification, respondent confirmed the jurisdictional determination and, thereafter, issued a declaratory ruling determining that the island was within the river area of a recreational river.

Petitioners then commenced this CPLR article 78 proceeding in May 1991 challenging respondent's determination as arbitrary and capricious and affected by error of law. Supreme Court found that respondent's determination that the island was subject to its jurisdiction was rationally based on the text of the "river area" description contained in 9 NYCRR Appendix Q-6 and dismissed the petition. Petitioners moved for renewal and reargument, relying in part on their submission of affidavits of former officials of respondent who gave their opinions as to the meaning of the "river area" description in Appendix Q-6. Supreme Court granted the motion and, upon reconsideration, granted petitioners' application. Respondent appeals.

At the outset, it is now well established that an agency's construction of its own regulations, "if not irrational or unreasonable, should be upheld" (Matter of Howard v Wyman, 28 NY2d 434, 438; see, Matter of Hawkes v Bennett, 155 AD2d 766, 767). Further, if the determination of an agency has a rational basis, it should not be disturbed (see, Matter of Crater Club v Adirondack Park Agency, 86 AD2d 714, 715, affd 57 NY2d 990). Because it is our view that respondent's declaratory ruling that petitioners' island is located within the "river area" of the main branch of the Saranac River was rationally based upon the language of Appendix Q-6, which respondent promulgated to describe those "river area" boundaries, we reverse.

First, ECL 15-2714 (3) (y) designates a continuous 60-mile

---

* In 1973, the Legislature enacted the Wild, Scenic and Recreational Rivers System Act (ECL 15-2701 et seq.) in order to protect certain rivers and their immediate environs from improvident development for the benefit and enjoyment of present and future generations (see, ECL 15-2701 [2], [3]; Matter of Grinspan v Adirondack Park Agency, 106 Misc 2d 501, 503-504).

segment of the main branch of the Saranac River as a "recreational river". There is no break or interruption in the statutory designation which excludes Oseetah Lake or other lakes through which the river flows. The inclusion of Oseetah Lake in the designation is consistent with the definition of "river" in ECL 15-2703 (9) and 9 NYCRR 577.2 (n) as meaning "a flowing body of water", including, *inter alia,* the river and its "lakes" to their mean high water mark. The "river area" of that portion of the river constituting Oseetah Lake is set forth in 9 NYCRR Appendix Q-6, Recreational Rivers, ¶ 22a as being "congruent with" the lake's shoreline. Therefore, the boundaries of the "river area" of Oseetah Lake coincide with the lake's shoreline, i.e., the mean high water mark of the inland body of water as a whole. Thus established, it was not irrational for respondent to view these boundaries as including all the area within them, whether water or land, as the "river area". The fact that petitioners have offered a plausible alternative construction of the term "shorelines" in 9 NYCRR Appendix Q-6, Recreational Rivers, ¶ 22a does not render irrational respondent's construction that the term "shorelines" in the parenthetical applies only to the mainland shoreline of the lakes *(see, Matter of Marriott Family Rests. v Tax Appeals Tribunal,* 174 AD2d 805, 807, *lv denied* 78 NY2d 863; *see also, Matter of Criscione v Wallace,* 145 AD2d 697, 699).

Respondent's ruling also furthers the legislative intent of the Rivers System Act that designated rivers and their environs be managed for their protection and enhancement against improvident development *(see,* ECL 15-2701 [2], [3]; 15-2709 [1]; *Matter of Grinspan v Adirondack Park Agency,* 106 Misc 2d 501, *supra).* Further, the ruling is consistent with respondent's prior jurisdictional determination regarding Clark Island in Schroon Lake made in the course of its review of the Word of Life Fellowship, Inc. project No. 87-393 *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 520). The Schroon River flows through Schroon Lake where the "river area" is also described as being "congruent with" the lake's shoreline *(compare* 9 NYCRR Appendix Q-6, Recreational Rivers, ¶ 22a, *with* 9 NYCRR Appendix Q-6, Recreational Rivers, ¶ 23a).

Finally, accepting for the sake of argument that Supreme Court properly considered the affidavits submitted by a former employee and two former members of respondent, a contrary result is not required. The affidavits, which were submitted long after the regulations were promulgated, merely assert

the affiants' present opinions and vague recollections of respondent's intent in 1976 when it promulgated the "river area" descriptions and do not cite any specific determination, consistent with their opinions and recollections, made by respondent on similar facts prior to respondent's 1988 Clark Island determination. Thus, these affidavits cannot serve as a reliable guide to respondent's intent (see, Matter of Consolidated Edison Co. v Department of Envtl. Conservation, 71 NY2d 186, 195, n 4; Matter of Lorie C., 49 NY2d 161, 169).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

