■ OWEN F. BROWN, Appellant, v ROBERT C. GLENNON, as

Executive Director of the Adirondack Park Agency, et al., Respondents. [611 NYS2d 342] —White J. Appeal from a judgment of the Supreme Court (Dier, J.), entered December 11, 1993 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a declaratory ruling by respondent Adirondack Park Agency.

Petitioner is the owner of a 0.12-acre parcel of property on Lake George in the Town of Dresden, Washington County. The parcel is on a peninsula jutting out into the lake upon which a single-family dwelling is located. This structure is a preexisting nonconforming structure, having been constructed prior to the enactment of the Adirondack Park Agency Act, and is located in an area classified as "moderate intensity use" on the official Adirondack Park Land Use and Development Map.

Three sides of the existing dwelling facing the lake are each set back a different distance from the mean high water mark of the lake, but virtually all of the present dwelling is located within the 50-foot shoreline structural setback established for "moderate intensity use" areas by Executive Law § 806 (1) (a) (2). The point where the structure is closest to the water's edge is from a point on a deck attached to the dwelling that is six feet from the lake's high water mark.

Petitioner initially applied for a variance from the shoreline setback restrictions to enable him to replace the present dwelling with a considerably larger building. After discussions with the staff of respondent Adirondack Park Agency (hereinafter APA), however, petitioner withdrew his application for a variance and applied for a declaratory ruling from the APA to determine whether he could place a larger dwelling on the plot without having to obtain a variance.

Executive Law § 811 (2) provides that a preexisting land use such as petitioner's shall not be subject to agency review. This is qualified, however, by Executive Law § 811 (5), which provides that a single-family dwelling may be rebuilt or enlarged to any extent with the caveat that no such increase shall violate or increase any noncompliance with the minimum setback requirements of the shoreline restrictions. These sections are implemented by APA regulations 9 NYCRR 575.5 (a) and (b) (2).*

---

* 9 NYCRR 575.5 (a) states in pertinent part: "Any existing structure lawfully in nonconformance with the building setback restrictions * * *

In a declaratory ruling dated August 7, 1992, respondent Executive Director of the APA (hereinafter the Director) ruled that it was the clear intent of the aforesaid regulations to prohibit relocation of a structure so as to increase nonconformance with the building setback restrictions of Executive Law § 806. The Director opined that while the existing deck on the present house is six feet from the mean high water mark at one point, this would not justify relocating the "footprint" or foundation of the new structure 20 feet to the east, which would be 20 feet closer to the lake. He further found that the regulations permit lateral and rear expansions only, provided that they do not increase the existing nonconformance. In a situation such as this, where a structure is on a peninsula, each of the three sides of the structure facing the shoreline have their own existing setbacks and if, as here, the structure does not conform on any one side, the structure may not be expanded toward the lake on that side. The Director also advised petitioner that he could request a variance application or that he could challenge the declaratory ruling by a CPLR article 78 proceeding. Petitioner chose to challenge this ruling by means of an article 78 proceeding, which was dismissed by Supreme Court, and this appeal ensued.

Because the basic facts are not in dispute, the sole question is whether the APA's declaratory ruling is a rational one, based upon the language of its regulations and the Adirondack Park Agency Act. Petitioner argues that the regulations allow unlimited expansion or replacement of an existing nonconforming structure as long as no portion of the new structure comes closer to the mean high water mark than the closest point of the existing structure (in this case six feet). Petitioner further contends that the APA's ruling would prevent any replacement or lateral expansion of a dwelling on a peninsula or curved shoreline and thus lacks a rational basis and should be annulled.

It is well established that an agency's construction of its

---

may be replaced in kind on the same foundation or location or in the same immediate vicinity, provided the previously existing setback nonconformance is not increased."

9 NYCRR 575.5 (b) states in pertinent part:

"Expansions of existing structures in proximity to lakes, ponds, rivers or navigable streams shall be subject to the shoreline building setback restrictions according to the following rules: * * *

"(2) An existing single family dwelling or mobile home which is lawfully in noncompliance with the building setback restrictions may be expanded to the rear or laterally provided such expansion does not bring the structure any closer to the mean high water mark."

own regulations should be upheld if they are not irrational or unreasonable *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Campion v New York State Adirondack Park Agency,* 188 AD2d 877, 878), and we also recognize that the administrative interpretation of a statute should be consistent with the spirit, purpose and objects of said statute *(Matter of Judd v Constantine,* 153 AD2d 270, 276-277 [Casey, J., concurring]). In this regard, we note that the statement of legislative purpose set forth in Executive Law § 801 clearly establishes the State's interest in preserving and protecting the Adirondack Park and insuring the overall protection, preservation, development and use of the unique scenic, recreational, open space and natural resources of the park. "The APA is charged with an awesome responsibility and the Legislature has granted it formidable powers to carry out its task" of " 'preserv[ing] the priceless Adirondack Park through a comprehensive land use and development plan' " *(Matter of Long v Adirondack Park Agency,* 76 NY2d 416, 421, quoting *Wambat Realty Corp. v State of New York,* 41 NY2d 490, 495).

In light of the above, we find the ruling by the APA that relocating the additions to the property in question 20 feet closer to the lake would be improper under its interpretation of 9 NYCRR 575.5 (a) and (b) (2), and that said regulations permit this type of expansion only if the existing nonconforming use is not increased, is not irrational or unreasonable based upon the language of the regulations and the clear legislative intent set forth in the Adirondack Park Agency Act. Accordingly, the judgment of Supreme Court should be affirmed.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.