■ In the Matter of DENNIS J. PHILLIPS et al., Respondents, v HERMAN COLE, as Chair of the Adirondack Park Agency, et al., Appellants. [619 NYS2d 886] —Peters, J. Appeal from that part of a judgment of the Supreme Court (Keniry, J.), entered August 23, 1993 in Hamilton County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Adirondack Park Agency.

Forest Park and Land Company (hereinafter Forest Park) owned a section of land along Blue Mountain Lake in the Town of Indian Lake, Hamilton County, which it subdivided into eight shoreline lots (lots 101-108), all traversed by a company road, pursuant to a map filed in 1904 with the Hamilton County Clerk's office. By 1939, the lots had been conveyed and reconveyed; however, the individual lots had retained their separate identity.[1] Petitioners' property is a

---

1. In 1913, the owner of lot 101 transferred 2,250 square feet of the lot to a neighbor. By 1939, four of the lots were owned by Robert Tinker, who purchased lot 105 in 1925, lots 107 and 108 in 1927, and lot 106 in 1935 from earlier purchasers.

portion of three lots (lots 102, 103, and 104) conveyed to Greta Graham by Eagle Nest Corporation in 1939. These three lots remained together until petitioners' purchase of a portion of lot 104 in 1984.

Petitioners sought to have respondent Adirondack Park Agency (hereinafter the APA) determine that their property was part of a subdivision predating August 1, 1973, the effective date of the Adirondack Park Land Use and Development Plan (see, L 1973, ch 348, § 13), which would remove the property from the jurisdiction of the APA. Following review, the APA concluded that the lands in the eight-lot Forest Park subdivision constituted a preexisting subdivision "along the ownership boundaries as they existed on May 22, 1973" and determined that the three lots of Graham had merged into one lot.

Petitioners thereafter commenced this CPLR article 78 proceeding to challenge the APA's determination. Finding that the subdivision map filed in 1904 by Forest Park created a lawful subdivision and that subsequent conveyances were made with specific and particular reference to the filed map, including the 1939 conveyance of lots 102, 103 and 104 to Graham, Supreme Court concluded there was no sound basis in law or fact to sustain the APA's conclusion that the three lots had merged into a single lot.

Respondents appeal, contending that the filed Forest Park map failed to create a preexisting subdivision as defined by 9 NYCRR 573.4 (h). We disagree. In determining whether a subdivision was in existence as of August 1, 1973, 9 NYCRR 573.4 (h) (2) sets forth several factors to be considered, consisting principally of the number and location of lots sold within the subdivision and the nature, extent, cost and location of subdivision structures and improvements.

The record clearly establishes that the eight original lots were sold and resold pursuant to the filed subdivision map. Although lots 107 and 108 and lots 105 and 106 were initially sold as pairs and thereafter reconfigured, lots 102, 103 and 104 remained three separate lots. Prior to August 1, 1973, the subdivision was substantially improved by a road, now a paved public road, and public water, telephone and electricity.[2] Accordingly, lots 102, 103 and 104 were purchased as part

---

2. 9 NYCRR 573.4 (h) (2) requires that subdivision improvements be evaluated as of August 1, 1973 and requires an assessment of the nature, extent and cost of the subdivision-related improvement relative to all such necessary subdivision improvements. Other than the road with appropriate

of a formalized and coherently articulated plan of subdivision prior to August 1, 1973 *(see, Matter of Crater Club v Adirondack Park Agency,* 86 AD2d 714, *affd* 57 NY2d 990).

Supreme Court correctly concluded that there was no basis for the APA's conclusion that the three distinct Graham lots merged because of the actions of other property owners who reconfigured their four lots in a manner which did not adhere to the boundaries of the original subdivision plan. The circumstances of the Graham lots are specifically exempted from merger by APA regulations *(see,.* 9 NYCRR 573.4 [i]). As the APA's determination lacks a rational basis in the record and is arbitrary and unreasonable, Supreme Court properly granted the petition and annulled the determination *(see, Matter of Campion v New York State Adirondack Park Agency,* 188 AD2d 877, 878; *see also, Matter of Ryan v Adirondack Park Agency,* 186 AD2d 922, 924).

Cardona, P. J., White and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

utilities accessing all the lots, no other necessary improvements have been suggested as applicable. The regulation does not require evidence that the original subdivider built the road as implied by the initial determination of the APA.