OPINION OF THE COURT

Per Curiam.

Final judgment entered December 7,1981 reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition.
The stabilized apartment at issue was occupied by tenant under a two-year lease expiring August 31, 1981. In March of that year, tenant was advised by landlords’ attorneys that Lynda Beattie, one of the property’s four joint owners, wished to occupy the apartment. Holdover *420 summary proceedings were brought on that basis in September, 1981, but thereafter discontinued when Beattie elected to take possession of another apartment in the building which had become available. However, new proceedings were commenced the following month, this time seeking possession for the personal use of Richard Caine, another joint owner. The Housing Court concluded that petitioners had demonstrated the requisite good faith in accordance with subdivision B of section 54 of the Code of the Rent Stabilization Association of New York City, Inc.
We reverse. “[T]he burden is upon the landlord to establish that during the specified period of 150 to 120 days prior to the expiration of the lease (when landlord would otherwise have been obligated to offer tenant a renewal lease pursuant to section 60 of the [Rent Stabilization] code) the exception to the section 60 renewal requirement relied upon by the landlord was indeed extant. Where a landlord fails to sustain that burden, the tenant’s right to an offer of renewal is deemed to have vested during the period 150 to 120 days prior to the expiration of the lease, and that right may not thereafter be abrogated.” (Short v Graves, 109 Misc 2d 672, 674, affd 88 AD2d 796.) It is apparent from this record that Caine’s intent to take over tenant’s apartment was not formulated until sometime in September, 1981, after the initial holdover proceeding had been commenced on Beattie’s behalf and discontinued, and well past the time when landlords would have been obligated to tender a renewal lease. The effect of the decision below is to impute Beattie’s inchoate good-faith intention to recover tenant’s apartment to Caine, resulting in an unwarranted extension of the scope of subdivision B of section 54 of the Rent Stabilization Code. Considering that the right to a renewal lease is one of the cornerstones of the rent stabilization system (subject to the limited exceptions set forth in section 54 of the Code), multiple co-owners of property should not be treated as an entity with interchangeable or fungible parts in these situations.
Tierney, J. P., Riccobono and Sullivan, JJ., concur.