OPINION OF THE COURT
John A. Milano, J.
Do the legal prerequisites mandated in Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code) § 54 (B) summary proceeding permit a landlord to commence such an action to obtain possession of a tenants’ apartment, for his own personal use, when the landlord pur *138 chased the subject premises subsequent to the expiration of the said tenants’ lease?
A threshold issue of law is raised in regard to the following facts conceded by the parties hereto. The tenants’ lease expired April 30, 1986. The new landlords took title on May 15, 1986. The said parties are requesting this court to decide whether or not the new landlords have a proper claim to the apartment for their own use when the intent of the new landlords to obtain possession of the tenants’ apartment arose prior to the time title passed to them. It is also conceded that the old landlord did not have the requisite intent.
Rent Stabilization Code § 54 (B) permits a landlord to commence a holdover proceeding against a tenant whose lease has expired for possession of his apartment for the landlord’s own use or for the use of his immediate family. Rent Stabilization Code §60 obligates a landlord to offer a tenant a renewal lease during the specified period of 150 to 120 days prior to the expiration of the lease, sometimes called the "window period”. The landlord has the burden of showing that during this specified period, his intention was to obtain the tenants’ apartment for his own use and where he fails to sustain that burden, the tenants’ right to an offer of renewal is deemed to have vested. (Short v Graves, 109 Misc 2d 672, 674, affd 88 AD2d 796.) This requirement of requisite intent forms the exception to the Rent Stabilization Code § 60 renewal requirement.
In addition to requisite intent, the present landlord must be the owner holding title to the subject premises at the time of the "window period”. Both of these prerequisites must be satisfied for one without the other can only lead, as a matter of law, to the dismissal of the summary proceeding. This is so because only the party having title at the time of the "window period” may opt not to renew the lease because of his evident intention to utilize the tenants’ apartment for his or his immediate family’s use. To hold otherwise would only result in an unwarranted extension of the scope of the Rent Stabilization Code § 54 (B). (See, Caine v Carreker, 116 Misc 2d 419 [App Term, 1st Dept].) In the instant case, the landlord petitioner took title after the expiration of the tenants’ lease. In so doing, the landlord could not possibly satisfy the two prerequisites inherent in a section 54 (B) proceeding. Accordingly, the petition is dismissed, with prejudice.