(February 6, 1990)

■ DOUGLAS W. BARNERT, Appellant, v 41 FIFTH AVENUE
ASSOCIATES, Respondent.—

On December 26, 1985, the Conciliation and Appeals Board
(CAB), predecessor of DHCR, issued an order on a rent over-
charge complaint filed by plaintiff-appellant tenant, Douglas
Barnert, holding defendant-respondent landlord, 41 Fifth Ave-
nue Associates, liable for rent overcharges totaling $20,099.93.
Defendant landlord neither filed a petition for administrative
review (PAR) nor commenced a CPLR article 78 proceeding to
review the administrative decision, and the periods for such
challenges expired on January 28, 1986 and February 24,
1986, respectively. On November 13, 1986, a judgment pursu-
ant to the CAB's decision was entered in the New York
County Clerk's office.

Upon attempting to enforce the judgment, plaintiff learned
that defendant had, at some point after the issuance of the
December 26, 1985 determination, made an ex parte applica-
tion to amend the order to apportion the liability for the rent
overcharge between it and the prior owner of the building.
The DHCR granted defendant this relief and issued an
amended order reducing liability to $6,409.22. Plaintiff re-
ceived the copy of the amended order in August 1987, when
he could no longer bring a rent overcharge action against the
prior landlord, which had sold the building to defendant in
March 1983. *(See,* CPLR 213-a.)

In reliance upon the amended order, the IAS Part granted

defendant's subsequent motion to vacate the judgment implementing the original order. This was error.

Pursuant to 9 NYCRR 2507.8, the DHCR may modify its own orders as follows: "The division, on application of either party or on its own initiative, and upon notice to all parties affected, may, prior to the date that a petition for judicial review has been commenced in the Supreme Court pursuant to article 78 of the Civil Practice Law and Rules, modify, supersede or revoke any order issued by the division under these or previous regulations where the division finds that such order was the result of illegality, irregularity in vital matters, or fraud."

Here, the DHCR modified its determination despite the fact that defendant neither filed a PAR nor commenced an article 78 proceeding. This was improper for, as stated in *People ex rel. Finnegan v McBride* (226 NY 252, 259): "Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action." *(See also, Matter of D & D Realty Corp. v Coster,* 277 App Div 668; *Matter of Cupo v McGoldrick,* 278 App Div 108.)

Thus, the DHCR was without authority to modify its prior determination, which was done on the basis of an ex parte application submitted after the appeal periods had expired. Indeed, the action taken by the DHCR was subsequent to the entry of the judgment on the original order and was, on that separate ground, null and void. *(See, Matter of Rahman v Coughlin,* 112 AD2d 591.) Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.