■ In the Matter of JUDITH LAUB, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and MILL ROCK PLAZA ASSOCIATES, Appellant.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered March 20, 1991, which, *inter alia,* granted a motion by petitioner-respondent Judith Laub for annulment of all actions undertaken by respondent Division of Housing and Community Renewal (DHCR) purporting to modify, amend or revoke its original order of March 17, 1986, in which it found in favor of petitioner Laub on a rent overcharge proceeding, and denied a motion by respondent-appellant Mill Rock Plaza Associates for restitution, unanimously affirmed, without costs.

The District Rent Administrator (DRA) found in favor of the tenant in this rent overcharge proceeding. The respondent landlord failed to file a timely Petition for Administrative Review (PAR) or a CPLR article 78 petition. The District Rent Administrator's order was converted to judgment, and the IAS Court rejected the landlord's collateral attack on that judgment by motion for vacatur. DHCR thereafter accepted three *ex parte* communications from the landlord, and then notified the tenant of its reconsideration of the prior order. Neither

that notice nor the District Rent Administrator's order on reconsideration contained any indication that the matter was reconsidered on the ground of an irregularity as to a vital matter. Not until after the tenant sought article 78 relief and the IAS Court remitted the matter to DHCR did DHCR belatedly identify the irregularity as its determination that the building was not registered when its own records showed that this was not the case.

We agree with the landlord that section 2527.8 of the Rent Stabilization Code (9 NYCRR) empowers DHCR to modify or revoke orders rendered in proceedings governed by the present or prior rent stabilization laws, regardless of whether or not there is a PAR or article 78 proceeding. *Barnert v 41 Fifth Ave. Assocs.* (158 AD2d 289) is not to the contrary, as its holding was based on section 2507.8, which is no longer applicable.

Nevertheless, DHCR did not provide the tenant with prompt notice that it was reconsidering the prior order on the ground of irregularity as to a vital matter, and the IAS Court properly rejected an attempt by the non-appealing agency to do so retroactively in its fourth order. Further, the irregularity cited by DHCR in that order, *i.e.,* the failure to mail a December 31, 1985 notice, a notice that would only have reminded the landlord of information that had already been provided in earlier notices, is not an irregularity as to a vital matter *(see, Matter of 54/55 Sixth Realty Corp. v Leventhal,* 42 NY2d 935).

Finally, it was recognized in *Barnert (supra)* that DHCR may not reconsider a DRA order after that order has been converted to a judgment, a holding not dependent on 9 NYCRR 2507.8. Concur—Sullivan, J. P., Carro, Milonas, Asch and Kassal, JJ.