OPINION OF THE COURT
David Friedman, J.
Respondent Beata Lysiak occupied a rent-stabilized apartment at 160 Eckford Street in Brooklyn pursuant to a lease commencing on December 1, 1989 and ending on November 30, 1990. Four months before expiration of the lease petitioner landlords Jan and Elizbieta Baginski sent a Golub notice *526 (Golub v Frank, 65 NY2d 900) dated July 25, 1990 to Lysiak advising her that the lease would not be renewed when it expired on November 30, 1990 because they wanted the apartment for their own use.
Following expiration of the lease landlords continued to accept rent and took no further action to effectuate an eviction until May 1, 1991 when they served a 30-day notice of termination. This notice of termination stated that landlords seek possession of tenant’s apartment "for their own use and occupancy” and that a notice was earlier sent (July 1990) advising that the lease would not be renewed upon its expiration. Subsequently, landlords commenced a holdover proceeding by notice of petition and petition dated July 17, 1991.
Tenant now moves to dismiss this proceeding on the grounds that the Golub notice is ineffective because landlords accepted rent after the November 30, 1990 termination date set forth in the notice and themselves vitiated such date by setting a new termination date in the 30-day notice served on May 1, 1991. Tenant maintains further that this proceeding seeking possession for landlords’ own use is defective because it names two owners as seeking possession while the Rent Stabilization Code permits only one owner to seek possession.
Landlords argue that the Golub notice is not intended to be a notice of termination but simply a notice of intention not to renew and that a notice to terminate will be sent. Thus, they contend that the notices are not inconsistent. The Golub notice indicates that the lease will not be renewed and it was not, while the second notice indicates that the tenancy would be terminated at a later date. As to the fact that two owners are seeking the apartment, landlords assert that is appropriate especially here where they are husband and wife.
Pursuant to Rent Stabilization Code (9 NYCRR) § 2524.4 (a) an owner of a rent-stabilized apartment may refuse to renew an expiring lease if the owner seeks the apartment for personal use. In order to exercise this right, however, notice of such nonrenewal must be given to the tenant at least 120 days and not more than 150 days prior to expiration of the lease term (Rent Stabilization Code [9 NYCRR] § 2524.2 [c] [3]). The July 25, 1990 notice sent by landlords complied with these requirements and would have permitted the eviction proceeding to proceed. The difficulty arises from the fact that after the lease expired landlords took no action but instead continued to accept rent.
*527 Section 2524.4 of the Rent Stabilization Code — the provision under which landlords seek tenant’s apartment — commences by stating, "The owner shall not be required to offer a renewal lease to a tenant * * * and may commence an action or proceeding to recover possession * * * upon the expiration of the existing lease term”. Hence the code is silent as to how long a landlord may wait to commence an eviction proceeding after the lease expires where the landlord seeks the apartment for his own use. It would follow that if section 2524.4 were the sole consideration there would be no clear basis to dismiss this proceeding. The issue that emerges, however, concerns the ultimate impact of landlords’ acceptance of rent after the November 30, 1990 termination date set forth in the Golub notice (cf., Associated Realties v Brown, 146 Misc 2d 1069).
It is true that when a lease for a non-rent-stabilized apartment expires and the landlord continues to accept the monthly rent, a month-to-month tenancy is created (Real Property Law § 232-c) which can be terminated by a 30-day notice (Real Property Law § 232-a; Cobert Constr. Corp. v Bassett, 109 Misc 2d 119, 122). However, the option to create a month-to-month tenancy upon expiration of the lease is not present for the instant case. Rather upon expiration of the lease the landlords of this rent-stabilized apartment faced two choices, that is either to commence an eviction proceeding on the grounds set forth previously or to offer a renewal lease. This results from section 2523.5 (a) of the Rent Stabilization Code which imposes an unequivocal requirement upon the landlord of rent-stabilized premises to offer a renewal lease for an expiring lease while subdivision (c) of such section effectively imposes a renewal lease even where one is not offered. Thus the only conclusion that is consistent with the statutory scheme regulating tenant’s apartment is that when landlords accepted rent they sought to create a month-to-month tenancy. Since such a tenancy is not recognized for the subject apartment the provision of subdivision (c) of section 2523.5 takes control and the landlord by statutory operation is considered to have renewed the lease thereby precluding this holdover proceeding. Stated otherwise a landlord may not convert a rent-stabilized tenancy to a month-to-month tenancy and thereafter terminate the month-to-month tenancy. It should also be noted that once the tenancy is considered renewed the May 1, 1991 30-day notice, coming in the midst of the lease period, is obviously a nullity. Accordingly, this *528 proceeding is dismissed and it follows that landlords may not seek to evict tenant until expiration of a renewal lease.
The foregoing makes academic resolution of tenant’s objection to the naming of two owners as seeking the apartment. Nevertheless, the parties should recognize that only one of two or more co-owners is permitted to recover possession of an apartment for personal use (Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [3]; see, Beer v Walters, 118 Misc 2d 630; Caine v Carreker, 116 Misc 2d 419). Tenant, however, fails to cite any authority which mandates dismissal of an eviction proceeding merely because the proceeding or notices leading to the proceeding are in the name of more than one owner.