OPINION OF THE COURT
Bruce McM. Wright, J.
In this CPLR article 78 proceeding, the owner of an apart *815 ment building challenges a determination by the New York State Division of Housing and Community Renewal (DHCR) which granted a tenant’s request for reconsideration of a prior DHCR order and upon reconsideration, revoked an order in favor of the owner. The request for reconsideration was made after the tenant’s time to file a petition for administrative review (PAR) had expired, and upon the ground that there had been an "irregularity in a vital matter.”
Initially, the court notes that in challenging the DHCR’s determination in this matter, petitioner should have joined the tenant as a respondent, in that the tenant would be inequitably affected by a judgment in favor of petitioner (see, CPLR 1001). However, since the court has concluded that petitioner is not entitled to the relief he seeks, petitioner will not be directed to join the tenant as a respondent.
The circumstances underlying this proceeding are summarized as follows:
Petitioner Andrew Popik is the owner of an apartment building located at 229 West 71st St., New York City. Robert Goldstone has been the tenant of apartment 2F in that building since 1977, an apartment that is subject to the New York City Rent Stabilization Code. In January 1992, the owner served the tenant with a "Notice of Intention of Non-Renewal of Lease and Intention to Commence an Action or Proceeding”, which informed the tenant that the owner had elected not to renew the lease because he wanted to use the apartment as his primary residence. In March 1992, the tenant filed a complaint with the DHCR due to the owner’s failure to renew the lease.
In response to the complaint, the DHCR requested that the owner submit evidence, as follows: "If the owner served to the tenant of the above subject apartment a notice not to renew a lease based on owner-occupancy 150-120 days before the expiration of the previous lease submit a copy of such notice.” Thereafter, the owner submitted to the DHCR a copy of the notice it had sent to the tenant. Importantly, the notice incorrectly stated that the lease expired on May 31, 1992 rather than on May 1, 1992. The incorrect date of May 31st is significant because the Rent Stabilization Code requires that a notice of intention not to renew a lease for purposes of owner occupancy be served "at least 120 and not more than 150 days prior to the expiration of the lease term” (Rent Stabilization Code [9 NYCRR] § 2524.2 [c] [3]). Since the owner had served *816 the notice on January 23, 1992, he had not served the notice at least 120 days prior to the May 1, 1992 expiration of the lease. However, the incorrect May 31, 1992 expiration date which was set forth in the notice made it appear to the DHCR that the owner had complied with the 120-day window period required by the Rent Stabilization Code.
Although the tenant submitted a copy of his renewal lease to the DHCR which showed that the lease expired on May 1, 1992, and not on May 31st, as stated by the owner’s notice, the DHCR did not discern the incorrect date set forth in the owner’s notice. The inaccuracy was not pointed out by the tenant or the owner. In fact, in his submissions to the DHCR, the owner argued that he had complied with the notice requirements of the Rent Stabilization Code, and that the tenant’s complaint should be dismissed.
Apparently misled by the incorrect May 31, 1992 date set forth in the owner’s notice, the DHCR issued an August 19, 1992 "Conditional Dismissal of Tenant’s Complaint (Owner Occupancy)”, finding that "[t]he tenant was properly served with the Notice of the owner’s intention not to renew the lease expiring on May 31, 1992” and that the owner was entitled to proceed in court to obtain possession of the apartment. The court notes that the owner had instituted a holdover proceeding against the tenant in July 1992, prior to the DHCR’s issuance of the aforementioned Conditional Dismissal of Tenant’s Complaint.
On September 24, 1992 counsel to the tenant wrote to the DHCR requesting that the Division reconsider and revoke its order dismissing the tenant’s complaint, "on the grounds that the order was based upon a mistake which the Division made as to the expiration date of the tenant’s lease.” In his letter, counsel explained that he had not been aware of the Division’s order until September 24, when the owner’s counsel had showed it to him in court, and that his client, unaware of the significance of the order, had not showed him the order. Counsel also explained that he had intended to litigate the issue of the defective notice before the Housing Court, where the trial was scheduled to commence in October, but that "the order * * * has unfortunately complicated matters.” In addition to his letter request for reconsideration of the order, the tenant filed a PAR challenging the order.
The tenant’s PAR was dismissed on the ground that it had not been filed within the 35-day period required by the *817 DHCR’s regulations. However, despite the owner’s objection, respondent did entertain the tenant’s request for reconsideration, and on February 1, 1993, respondent’s Rent Administrator issued an order finding that the matter should be reopened in view of the erroneous date set forth in the landlord’s nonrenewal notice. Subsequently, both the tenant and the owner made written submissions to the DHCR setting forth their respective arguments for and against reconsideration. By order dated May 21, 1993, the Rent Administrator issued an order revoking his initial order dismissing the tenant’s complaint. It was determined that the owner’s notice of nonrenewal had been served less than 120 days prior to the expiration of the lease; that the owner had not complied with Rent Stabilization Code § 2524.2 (c) (3) and that, therefore, the tenant was entitled to a renewal lease.
The owner then filed a PAR challenging the Rent Administrator’s revocation order, and by order dated December 1, 1993, the PAR was denied. In so doing, respondent’s Deputy Commissioner rejected the argument proffered by petitioner that the DHCR had not followed its own guidelines, as set forth in Policy Statement 91-5, regarding requests for reconsideration. "The law and regulations, specifically, Code Section 2527.8, permit the DHCR to reconsider a case on application of either party to a proceeding, or on its own initiative and upon notice to all affected parties where the DHCR finds that such order was the result of fraud, illegality or irregularity in a vital matter. However, issues not previously raised in the proceeding will not be a basis for reconsideration except to the extent that the issue constitutes new evidence not available.” The Deputy Commissioner noted that "[i]t is axiomatic that failure to serve the Notice [of Intent not to renew the lease] between 120 and 150 days before the expiration date of the lease will bar an owner from the relief it seeks.”
The Deputy Commissioner then found as follows: "Since the tenant’s last lease, which contained a clear statement of its expiration date, May 1, 1992, was in evidence, the Administrator was mandated to examine the primary source, the lease, to determine whether the tenant had been timely served, with the Notice. The Administrator’s failure to do so and/or its reliance on the expiration date provided by the owner in the notice, without investigating the difference between the two, constitutes an irregularity in a vital matter which was correctly remedied by granting the tenant’s request for reconsideration. Further, it is noted that the Judge in the Civil Court *818 holdover proceeding also stated that reconsideration was appropriate.” Upon concluding that "nothing in Policy Statement 91-5 precluded the DHCR from reconsidering the matter”, the Deputy Commissioner found that the Administrator did not err in revoking the initial order, and in determining that the notice of nonrenewal was defective. It was concluded that the Administrator correctly directed the owner to offer the tenant a renewal lease.
DISPOSITION
In this article 78 proceeding, the court cannot interfere with respondent’s determination "unless there is no rational basis for the administrative action or the action complained of is arbitrary or capricious (CPLR 7803 [3]; Matter of Pell v Board of Educ., 34 NY2d 222).” (Matter of Royal Realty Co. v New York State Div. of Hous. & Community Renewal, 161 AD2d 404, 405.) Petitioner has not met his burden of establishing that it was arbitrary or capricious for the DHCR to reconsider its original determination, and to ultimately find that the owner had not complied with the notice requirements of Rent Stabilization Code § 2524.2 (c) (3).
It is uncontroverted that petitioner did not comply with the Code’s notice provision concerning nonrenewal of a lease. It is also clear that the incorrect lease expiration date that was recited on the owner’s notice was the basis for respondent’s original finding that the owner had complied with the law. Petitioner has attempted to distance himself from the confusion that arose because of the incorrect date on the notice by arguing that he "only sent in the notice in direct reply to a request from respondent to do so” and that petitioner "made no attempt to mislead the respondent.” However, as this court has previously noted, after submitting the notice to the DHCR, petitioner consistently took the position that the tenant’s complaint should be dismissed because petitioner had properly served the notice pursuant to Rent Stabilization Code § 2524.2 (c) (3). While petitioner may not have attempted to mislead respondent, at no time did he ever alert respondent that the notice contained an incorrect date and that he had not complied with the Rent Stabilization Code’s notice requirements.
Regarding the DHCR’s inherent power to revoke or modify one of its orders, Rent Stabilization Code § 2527.8 provides as *819 follows: "The DHCR, on application of either party, or on its own initiative, and upon notice to all parties affected, may issue a superseding order modifying or revoking any order issued by it under this or any previous Code where the DHCR finds that such order was the result of illegality, irregularity in vital matters or fraud.” Upon affirming the Rent Administrator’s revocation of the original order, the Deputy Commissioner found that the Administrator’s failure to determine whether the tenant had been timely served with the notice, "and/or [his] reliance on the expiration date provided by the owner in the notice” constitutes an irregularity in a vital matter. The Deputy Commissioner also found that there was nothing in the DHCR’s Policy Statement regarding "Limitations on Filing Requests for Reconsideration of Orders” which precluded the DHCR from reconsidering the matter. As was stated by the First Department in Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal (159 AD2d 416, appeal dismissed 76 NY2d 844, lv denied 76 NY2d 709): "In reviewing the finding of an administrative agency, the construction placed on the statute and implementing regulations by an agency is entitled to great weight and is to be upheld if reasonable (Matter of Johnson v Jay, 48 NY2d 689)” (159 AD2d, at 416; see also, Matter of Campion v New York State Adirondack Park Agency, 188 AD2d 877, 878).
Petitioner makes much of the fact that Policy Statement 91-5 provides that "issues not previously raised in the proceeding will not be entertained on reconsideration except to the extent that the issue constitutes new evidence not previously available.” Petitioner points to correspondence from the tenant’s previous counsel to his substituted counsel, which states that counsel did not raise the issue of defects in the notice before the DHCR because he intended to raise the issue in court. Petitioner argues that under these circumstances, it was improper for the DHCR to reconsider its order.
However, the court is not persuaded that the DHCR’s decision to reconsider its original finding was an irrational application of Rent Stabilization Code § 2527.8 and the Policy Statement regarding requests for reconsideration. As noted, the owner had commenced a holdover proceeding against the tenant prior to the DHCR’s issuance of its original order dismissing the tenant’s complaint. Apparently, at some point, the tenant’s counsel decided that the best approach would be to raise the issue of the defective notice in the Housing Court *820 proceeding rather than before the DHCR.* This strategy was complicated by the DHCR’s dismissal of the tenant’s complaint prior to the Housing Court’s adjudication of the holdover proceeding. While counsel’s approach, in hindsight, was questionable, it did not render the DHCR powerless to correct a significant error in a vital matter which could have been avoided if the owner had put the right date on the notice.
It was the DHCR’s duty to assess whether the owner had complied with the notice requirements of the Rent Stabilization Code. Respondent’s initial failure to properly perform that duty was the result of inaccurate information contained in the owner’s notice. Under the circumstances, respondent’s decision to reconsider its order and correct its own serious mistake regarding petitioner’s compliance with the Rent Stabilization Code was not irrational or arbitrary.
The cases cited by petitioner do not compel a different conclusion. In Matter of Centennial Restorations Co. v Abrams (180 AD2d 340, lv dismissed 83 NY2d 952), the Third Department found that the Attorney-General did not have the inherent authority to revoke his acceptance of a cooperative conversion offering plan on the basis that he had inadvertently disregarded his prior interpretation of the relevant statute. The Court held that "[i]n the absence of any statutory reservation of discretionary agency authority to reconsider its determinations, New York applies a long-standing policy of finality to the non-quasi-judicial determinations of an administrative agency” (180 AD2d, at 344). However, here, unlike the situation in Matter of Centennial (supra), there is a statutory reservation of the DHCR’s authority to reconsider its determinations (Rent Stabilization Code § 2527.8). Further, in Matter of Centennial (supra), unlike the circumstances here, there had been no misrepresentation by the petitioner of a material fact, which resulted in an erroneous determination by the agency.
In Matter of 54/55 Sixth Realty Corp. v Leventhal (51 AD2d 714, affd 42 NY2d 935), also cited by petitioner, the First Department annulled a determination by the district rent director which had revoked a prior order decontrolling an apartment. The Court found "no legitimate basis on the *821 instant record for permitting the respondent to reverse his own prior order; or for the clearly inequitable result achieved” (51 AD2d, at 715). However, the circumstances that confronted the First Department cannot be likened to the facts of this proceeding. In Matter of 54/55 Sixth Realty Corp. (supra), the agency revoked an order decontrolling an apartment, on the basis of a condition that had existed and been a matter of record for almost 30 years. Upon annulling the agency’s order of revocation, the Court noted that the petitioner had acquired the property three years prior to the revocation, and that petitioner "had the right to rely on respondent’s existing records, including the * * * order of decontrol” (51 AD2d, at 715). The Court of Appeals affirmed the Third Department’s order, agreeing that "respondents’ failure to discover facts within its own files after so extraordinary a length of time is not the type of irregularity contemplated by * * * the regulations” (42 NY2d, at 937). Here, there was no such extraordinary length of time between the original order and the revocation order, and the revocation order did not impact upon an innocent third party, as it had in 54/55 Sixth Realty Corp. (supra).
Petitioner’s reliance upon Barnert v 41 Fifth Ave. Assocs. (158 AD2d 289) is also misplaced. In Barnert, the First Department held that it was improper for the DHCR to modify its determination where the defendant had neither filed a PAR nor commenced an article 78 proceeding (158 AD2d, at 290). However, in Barnert (supra), unlike the situation here, the DHCR had amended its order upon an ex parte application made by the landlord. In this case, the DHCR issued its revocation order upon notice to the owner that it was reconsidering its original order, and after the owner submitted opposition to such reconsideration. Further, regarding the holding in Barnert (supra), the First Department has held as follows: "We agree with the landlord that section 2527.8 of the Rent Stabilization Code (9 NYCRR) empowers DHCR to modify or revoke orders rendered in proceedings governed by the present or prior rent stabilization laws, regardless of whether or not there is a PAR or article 78 proceeding. Barnert v 41 Fifth Ave. Assocs. (158 AD2d 289) is not to the contrary, as its holding was based on section 2507.8, which is no longer applicable.” (Matter of Laub v New York State Div. of Hous. & Community Renewal, 176 AD2d 560, 561.)
*822 In sum, the court has concluded that the Deputy Commissioner’s order affirming the Rent Administrator’s order was rational and should not be disturbed. Accordingly, this petition is denied and the Clerk is directed to enter judgment dismissing this proceeding.

 The record before the court shows that the tenant had taken the position before the DHCR that he was disabled and therefore entitled to a renewal lease or a comparable apartment. Thus, he had challenged the nonrenewal notice on an entirely separate ground.