■ In the Matter of ANDREW H. POPIK, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [638 NYS2d 467]

A refusal by a landlord to renew a lease on the ground that he will use the premises as a primary residence for himself or a member of his immediate family (see, Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]) must be predicated on notice of termination served between 150 and 120 days prior to the actual termination date (see, Quigley v Russo, 133 Misc 2d 137, 138). Such termination date should be ascertained from "a lease from which these dates can be calculated" (Ansonia Assocs. v Consiglio, 163 AD2d 98, 99). The issue of a landlord's noncompliance with this limitation of time could be raised in a subsequent eviction action, and failure to raise the issue in administrative proceedings does not constitute a waiver (cf.,

*Rosen v Wade*, 99 Misc 2d 1114, 1115). Accordingly, in this matter in which landlord misstated the true lease date in its administrative application and the true date was contained within the original administrative record, respondent agency's treatment of its initial misapprehension with respect to the actual lease date as an "irregularity in [a] vital matte[r]" (Rent Stabilization Code § 2527.8), was not unreasonable or irrational and should therefore be upheld (*see, Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, 134, *lv denied* 86 NY2d 706).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Rubin, Ross, Williams and Tom, JJ. *[See,* 162 Misc 2d 814.]