■ SYLVIA KRIEGER, Appellant, v MAURICE COHEN et al., Respondents. [669 NYS2d 349] —In an action, *inter alia,* to recover rent due under a lease, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 17, 1996, as denied those branches of her motion which were for summary judgment on the complaint and dismissal of the defendants' fourth affirmative defense and first, second, third, fourth, and seventh counterclaims.

Ordered that the ordered is modified, on the law, by (1) deleting the provision thereof denying that branch of the plaintiff's motion which was to dismiss the second counterclaim and

substituting therefor a provision granting that branch of the motion to the extent of dismissing so much of the second counterclaim as seeks treble damages for rent overcharges accruing before November 17, 1993, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was to dismiss the fourth counterclaim and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In December 1991 the defendant tenants sublet from the plaintiff landlord a cooperative apartment in Great Neck, New York, for a two-year period. It is undisputed that following the expiration of the lease term in December 1993, the defendants remained in possession of the apartment until either July or August 1995, and paid no rent for their use and occupancy of the premises. The plaintiff subsequently commenced this action to recover several months of rent due under the initial lease and payment for the defendants' use of the premises after the expiration of the lease. The defendants deny that an outstanding balance remains for the initial lease period, and assert that the rent charged exceeded that permissible under the Emergency Tenant Protection Act of 1974 § 12 (L 1974, ch 576, § 4; hereinafter ETPA; McKinney's Uncons Laws of NY § 8632). The defendants also dispute the plaintiff's claim that they became month-to-month tenants after the expiration of the lease, and were required to make rental payments at the rate specified in the lease, and raise an issue of fact as to the reasonable value of their use and occupancy of the premises. Under these circumstances, the Supreme Court did not err in declining to award the plaintiff summary judgment on her complaint at this juncture.

Contrary to the plaintiff's contentions, the defendants' first, second, third, and fourth counterclaims, which allege various violations of the ETPA, are not barred by the four-year Statute of Limitations set forth in CPLR 213-a, because they would not have been barred "at the time the claims asserted in the complaint were interposed" (CPLR 203 [d]). However, the defendant's fourth counterclaim, which seeks treble damages for a purported security deposit overcharge which occurred when the lease was signed in November 1991, must be dismissed because it is barred by the two-year Statute of Limitations contained in the ETPA, which provides that "no recovery of three times the amount of the overcharge may be awarded with respect to any overcharge which * * * occurred more than two years before the action is commenced or counterclaim is

interposed" (McKinney's Uncons Laws of NY § 8632 [a] [1] [f]). Similarly, that portion of the defendants' second counterclaim which seeks treble damages for rent overcharges accruing before November 17, 1993, must be dismissed as untimely.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Krausman and Florio, JJ., concur.