Aronin, J.,
dissents in part in the following memorandum: In my view, tenants’ counterclaim for rent overcharges should be dismissed as time barred without prejudice to tenants filing *617 with the Division of Housing and Community Renewal (DHCR) for a determination of the legal regulated rent.
This holdover proceeding was commenced on March 7, 1995 by appellant Lucie Myers based upon the termination of an alleged sublease, which had been entered into on April 15, 1990. The apartment is in a six-family building owned by Lucie Myers’ mother, Shirley Myers, who has been added as a party to the proceeding. Lucie Myers and her husband had occupied the apartment until their separation, when Lucie apparently moved out of the City and sublet her apartment. The apartment continued to be registered as owner occupied during the terms of the tenants’ two successive two-year sublets. Lucie Myers refused to renew the lease for a third term and instituted this holdover proceeding.
The tenants respondents answered on March 22, 1995, alleging that Lucie Myers’ overtenancy was illusory and that they were rent-stabilized tenants. The tenants asserted counterclaims for rent overcharges, treble damages and attorney’s fees. The Civil Court (S. Krauss, J.) ruled, on August 7, 1997, that the tenants were entitled to the protection of the Rent Stabilization Law (Administrative Code of City of NY, tit 26, ch 4 [RSL]), dismissed the holdover proceeding, and severed the counterclaims, converting them to a plenary action. That decision was not appealed.
The landlords, Shirley and Lucie Myers, then moved in the plenary action for summary judgment on the ground that the counterclaim for rent overcharges was time barred under CPLR 213-a and RSL § 26-516 (a). The tenants cross-moved for summary judgment on their overcharge claim and argued in opposition to the landlords’ motion that the Statute of Limitations had not begun to run because of the landlords’ failure to properly register the apartment and serve a copy upon them. In the Civil Court decision appealed from, Honorable Gustin L. Reichbach denied the landlords’ motion for summary judgment, reasoning that the Statute of Limitations had not- yet begun to run due to the landlords’ failure to properly register the apartment. The court also denied the tenants’ cross motion for summary judgment, reasoning that although the landlords were entitled to rent increases for the period that Lucie Myers occupied the apartment (Rent Stabilization Code [9 NYCRR] § 2522.4 [b] [3] [vi]), it was unclear precisely when Myers vacated the apartment, so the court was unable to complete the calculations to determine the legal rent. The decision also severed and in effect dismissed the landlords’ claim for a rent *618 increase based upon alleged renovations to the apartment before the tenants took possession, without prejudice to landlords’ application to DHCR for a rent adjustment. The threshold question presented by this appeal is whether the tenants’ claim for an overcharge is time barred.
The Omnibus Housing Act of 1983 (L 1983, ch 403, § 14) introduced the cause of action for rent overcharge in its current form and established a Statute of Limitations for it in CPLR 213-a, which provided that “[a]n action on a residential rent overcharge shall be commenced within four years of such overcharge” (L 1983, ch 403, § 35). Similar Statute of Limitations provisions were inserted into the Rent Stabilization Law (RSL former § YY51-6.0.5 [a] [2], now § 26-516 [a] [2]). Conflicting court decisions as to the interpretation of these statutes impelled the Legislature to enact the Rent Regulation Reform Act of 1997, which, inter alia, amended CPLR 213-a to provide: “An action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged and no determination of an overcharge and no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced. This section shall preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action” (emphasis added).
This Statute of Limitations and the limitations upon review of rental history are also reflected in the amended Rent Stabilization Law, the pertinent section of which reads: “a complaint under this subdivision shall be filed with the state division of housing and community renewal within four years of the first overcharge alleged and no * * * award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed” (RSL § 26-516 [a] [2]; emphasis added).
The court below determined that the Statute of Limitations upon an overcharge action under this section did not commence running until the landlords properly registered the apartment at issue. However, the statutes quoted above contain a four-year Statute of Limitations commencing from the date of the first overcharge alleged, and do not refer to registration as a precondition. The language of the statutes does not concern only a Statute of Limitations, but additionally contains restrictions on the review of the rental history and on the recovery which may be made in those proceedings (Matter of Lavanant v *619 State Div. of Hous. & Community Renewal, 148 AD2d 185, 192; Avner v Trump Mgt., NYLJ, May 19, 1995, at 34, col 5 [App Term, 2d & 11th Jud Dists]; see, Barnert v 41 Fifth Ave. Assocs., 158 AD2d 289). Further, once an overcharge action has been timely initiated, that initiation is ineffective to open the entire prior rent history; examination of the history prior to the four-year period is barred, as are awards made upon overcharges more than four years prior to the filing of the complaint (Crimmins v Handler & Co., 249 AD2d 89).
The Legislature has clearly required that rent overcharge claims must be brought within four years of the date of the first overcharge alleged (RSL § 26-516 [a] [2]; CPLR 213-a; Newgarden v Theoharidou, 247 AD2d 367; Crimmins v Handler & Co., supra, at 91). Here, the tenants interposed their claim on March 22, 1995, alleging overcharges from the inception of the lease on April 15, 1990. Because the claim was made more than four years after the first alleged overcharge, it is barred by the four-year Statute of Limitations and must be dismissed (see, Krieger v Cohen, 247 AD2d 587, 588; Newgarden v Theoharidou, supra).
However, I am fully cognizant of the fact that this determination would leave the parties without a method of determining the legal rent for this apartment. The cited statutes bar examination of the rent history earlier than four years prior to the commencement of the action, including consideration of the last registered rent for October 1, 1986 through September 30, 1988. In this case, however, the premises had been registered during the term of the tenants’ occupancy as owner occupied with no specified rent, and therefore no registered rental figure is available for the four-year period prior to the commencement of the proceeding.
On August 7, 1997, the Civil Court had impliedly found that the sublease was illusory when it determined that the tenants were entitled to a rent-stabilized lease. That determination has become law of the case because it was not appealed. No findings were made as to when the sublease became illusory, but because of the four-year restriction on review of the rental history, it must be presumed to have occurred some time after the commencement of the tenancy and within four years of the date the claim was asserted. This necessarily means that the first sublease is beyond challenge. It also means that no dollar amount of registered rent is available for reference.
Given the four-year restrictions on rent review, the tenants would be unable to establish the existence of an overcharge, *620 and the landlords would be unable to establish their defense of a legal rent. Without recourse to a registered rental figure, the court would be unable to perform the calculations which would fix the legal rent for the apartment. In the absence of a statutory method of dealing with this quandary, I commend the parties to DHCR for the determination of the legal regulated rent pursuant to Rent Stabilization Code (9 NYCRR) § 2522.6.
Accordingly, the landlords’ motion for summary judgment dismissing the tenants’ overcharge claim in its entirety should be granted, without prejudice to the filing with DHCR of a proceeding to determine the legal regulated rent.
Scholnick, J. P., and Patterson, J., concur; Aronin, J., dissents in part in a separate memorandum.