James D. Harmon, Jr. & Jeanne Harmon, Petitioners-Landlords-Appellants, 
against
Cheryl Mervine, Respondent-Tenant-Respondent.



Landlords appeal from an order of the Civil Court of the City of New York, New York County (Michelle D. Schreiber, J.), dated February 2, 2012, which granted tenant's motion to dismiss the petition in a holdover summary proceeding.




Per Curiam.
Appeal from order (Michelle D. Schreiber, J.), dated February 2, 2012, dismissed, without costs, as moot.
This appeal from the February 2012 grant of tenant's motion to dismiss the underlying owner use holdover proceeding is moot, since landlord thereafter tendered a renewal lease to tenant without any reservation of rights and then sold the building, and tenant subsequently vacated the premises. The circumstances presented do not warrant addressing the issues under an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
In any event, were we not dismissing the appeal, we would affirm, since landlords admitted during the proceedings below that their granddaughter, the family member identified in the nonrenewal notice as the intended occupant of the apartment, would not be living at the premises due to an unforseen serious illness.Nor could landlords subsequently designate their grandson as the intended occupant, since their intent to have their grandson occupy the apartment was obviously formulated only after this holdover proceeding was commenced, and well past the time when landlords would have been obligated to tender a renewal lease (see Short v Graves, 109 Misc 2d 672 [1981], affd 88 AD2d 796 [1982]). In this type of situation, subsequently identified family members should not be treated as "interchangeable or fungible" with one who is designated in the nonrenewal notice as the intended occupant of the apartment (Caine v Carreker, 116 Misc 2d 419 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 08, 2016